UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD COOPER, # 152192,

    Plaintiff,

v.                                          Case Number 25-cv-12891
                                            Honorable Linda V. Parker

ROBERT DUNLAP, et. al.,

    Defendants,
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING HIS COMPLAINT</u>**

Plaintiff Ronald Cooper has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Cooper is a Michigan Department of Corrections inmate, confined at the Charles Egeler Guidance and Reception Center in Jackson, Michigan. He did not pay the filing fees for the action but seeks to proceed without prepayment of those fees. (*See* ECF No. 2.) Upon review of Mr. Cooper's case and his litigation history in the federal courts, the Court concludes that his application to proceed without prepaying fees must be denied and his Complaint dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see*

1

*also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Nevertheless, the in forma pauperis statute ("IFP"), 28 U.S.C. § 1915(a), allows prisoners the opportunity to pay only part of the filing fee initially, and then pay the remainder in installments. However, pursuant to the statute's "three-strikes rule," a prisoner may not proceed IFP if the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

18 U.S.C. § 1916(g).

Mr. Cooper has filed at least three prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Cooper v. Beth*, No. 1:96-CV-817 (W.D. Mich. Oct. 18, 1996); *Cooper v. Vidor*, No. 1:92-CV-234 (W.D. Mich., Feb. 2, 1993); *Cooper v. Toombs*, No. 1:90-CV-684 (W.D. Mich., Aug. 31, 1990)  In addition, Mr. Cooper has subsequently been denied leave to proceed IFP pursuant to the three-strikes rule and has had his IFP status revoked because of his prior frivolous lawsuits. *See Cooper v. Mich. Dep't of Corr.*, No. 2:07-CV-212, 2008 WL 11638413 (W.D. Mich. Sept. 26, 2008); *Cooper v. Michigan Dep't of Corr.*, No. 2:08-CV-99, 2008 WL 2444473 (W.D. Mich. June 13, 2008); *Cooper v. Caruso*, No. 2:07-CV-179, 2007 WL 2815024 (W.D. Mich. Sept. 25, 2007);

2

*Cooper v. Dep't of Civ. Serv.*, No. 2:07-CV-180, 2007 WL 2815021 (W.D. Mich. Sept. 25, 2007); *Cooper v. Edlund*, No. 2:05-CV-24, 2006 WL 2086008 (W.D. Mich. July 25, 2006).  The fact that some of these dismissals were before the enactment of the PLRA in April 26, 1996, does not mean that they cannot be used to deny him permission to proceed without prepayment of fees or costs.  *See Wilson v. Yaklich*, 148 F.3d 596, 602-03 (6th Cir. 1998).  They count towards his three strikes.  *Id.* at 604.

    Section 1915(g) requires the court to dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The court may take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g).  *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).  The only exception to the three-strikes rule is if the prisoner alleges that he or she is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

    Mr. Cooper does not allege any facts which would establish that he is in imminent danger of serious physical injury.  Thus, he does not come within the exception to the mandate of § 1915(g).  *See Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019).

For these reasons, the Court **DENIES** Mr. Cooper's application to proceed without prepayment of the filing fee and **DISMISSES WITHOUT PREJUDICE** his Complaint pursuant to § 1915(g).  If Mr. Cooper wishes to pursue his claims, he must refile his Complaint with the required filing fees.  As Mr. Cooper has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) also precludes him from appealing this decision IFP.

    **SO ORDERED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: September 22, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 22, 2025, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan
                                              Case Manager